# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SJL COMPANY, INC., | CIVIL ACTION NO.: |
| *Plaintiff*, | |
| v. | |
| CULTURE WIRELESS INC. D/B/A MOOLAH WIRELESS; VERNELL WOODS; SERIES 15 (Moolah) of AEDIFEX CAPITAL, LLC; and AEDIFEX CAPITAL SPE (AFXS15, LLC). | |
| *Defendants*. | |

## COMPLAINT

Plaintiff SJL Company, Inc., by its designated attorneys, files this Complaint for damages against Defendants Culture Wireless Inc. d/b/a Moolah Wireless, Vernell Woods, and Series 15 (Moolah) of Aedifex Capital, LLC and/or Aedifex Capital SPE (AFXS15, LLC), and alleges as follows:

### I.  NATURE OF THE ACTION

1. Culture Wireless Inc. d/b/a Moolah Wireless ("Culture Wireless") contracted to purchase Android tablets from SJL Company, Inc. ("SJL") for a price of $1,496,160.00. SJL shipped the tablets, but Culture Wireless has paid only

1

$1,000,000.00. The outstanding balance of $496,160.00 is well past due. Culture Wireless is liable for the outstanding balance.

2.     Vernell Woods ("Woods") and Series 15 (Moolah) of Aedifex Capital, LLC and/or Aedifex Capital SPE (AFXS15, LLC) (hereinafter collectively "Aedifex") each guaranteed Culture Wireless's performance and payment to SJL. Neither Woods nor Aedifex have paid the outstanding balance of $496,160.00. Woods and Aedifex are, therefore, jointly and severally liable with Culture Wireless for the outstanding balance.

## II.  THE PARTIES

3.     Plaintiff SJL is a business corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, PA.

4.     Defendant Culture Wireless is a business corporation organized under the laws of the State of Georgia, with its principal place of business and registered agent located at 2212 Eagles Nest Circle, Decatur, GA 30035.

5.     Defendant Woods, the CEO of Culture Wireless, is an adult individual who resides at 2212 Eagles Nest Circle, Decatur, GA 30035.

6.     Defendant Aedifex is a limited liability company that, upon information and belief, is organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business at 1959 Calle Lozia, Suite 409, San Juan, PR.  The

registered agent for Aedifex is Omnia Economic Solutions, LLC and it is located and may be served at 954 Ponce de Leon Ave, San Juan, PR, 00907.

### III.  JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332. There is complete diversity among the parties, and the amount in controversy is $496,160.00.

8. This Court has personal jurisdiction over Defendants Culture Wireless and Woods because they reside in Georgia.

9. This Court has personal jurisdiction over Defendant Aedifex because it provided financing to Culture Wireless in Georgia for the purchase of the tablets at issue in this litigation and, upon information and belief, has extensive business dealings with Culture Wireless in Georgia and is further prosecuting its own claims against Culture Wireless in the Superior Court of Dekalb County, Civil Action No. 24CV8840.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district and a substantial part of property that is the subject of the action is situated in this district.

## IV.  FACTUAL ALLEGATIONS

**A.     The Contracts**

### 1.     The Purchase Agreement

11.    SJL and Culture Wireless are parties to a Purchase Agreement dated May 12, 2022, as amended on June 28, 2022 and August 19, 2022 (the "Purchase Agreement"). A copy of the Purchase Agreement is attached as **Exhibit 1**.

12.    The Purchase Agreement provides, "Seller [SJL] agrees to sell, and Buyer [Culture Wireless] agrees to buy, the Products listed below . . . subject to the provisions of this Agreement."

13.    The Purchase Agreement contemplates that specific sales of products would occur when Culture Wireless "issue[d] a purchase order."

14.    Exhibit A to the Purchase Agreement sets forth the terms and conditions of the sale.

15.    Paragraph 8 of these terms, entitled "Buyer Default," provides: "In the event of default by Buyer, Seller shall be entitled to collect from Buyer all costs, fees, and expenses incurred to enforce its rights hereunder, including, without limitation, court costs and legal fees whether or not necessary to bring suit."

16.    Paragraph 16 of these terms, entitled "General," provides: "This Agreement and performance hereunder shall be governed by the law of the Commonwealth of Pennsylvania, without regard to its principles of conflicts of laws."

### 2. The Purchase Order

17. On October 21, 2023, pursuant to the terms of the Purchase Agreement, Culture Wireless issued Purchase Order # 306 (the "Purchase Order") for 20,000 Android tablets preloaded with Culture Wireless software, plus ancillary goods such as cases/protectors and keyboard cases (collectively, the "Tablets").

18. On November 21, 2023, SJL issued a Sales Order (the "Sales Order") confirming the Purchase Order. Copies of the Purchase Order and Sales Order are attached as **Exhibits 2 and 3**, respectively.

19. The total purchase price for the Tablets was $1,496,160.00.

### 3. The Guaranty

20. On November 15, 2023, as a condition of SJL shipping the Tablets to Culture Wireless, Woods and Aedifex entered into an Assumption of Payment Obligations and Guaranty (the "Guaranty"). A copy of the Guaranty is attached as **Exhibit 4**.

21. Paragraph 3 of the Guaranty provides that Woods and Aedifex: "each absolutely, unconditionally and guarantees [sic], as primary obligor and not merely as surety, guarantees, the full and punctual payment and performance of all present and future obligations, liabilities, covenants and agreements required to be observed and performed or paid or reimbursed by [Culture Wireless] under or relating to Purchase Orders and/or the [Purchase] Agreement, plus all costs, expenses and fees

(including the reasonable fees and expenses of [SJL's] counsel) in any way relating to the enforcement or protection of [SJL's] rights hereunder."

22. Paragraph 10 of the Guaranty provides: "This agreement shall be governed by and construed under the laws of the Commonwealth of Pennsylvania, without reference to any choice of law doctrine . . . ."

23. The Guaranty provides: "In order for [Aedifex] to issue a guaranty for a Purchase Order under this Agreement, [Aedifex] must confirm in writing (an email being sufficient) that it will guaranty the specific Purchase Order." Consistent with that provision, Aedifex confirmed that it guarantees the amount owed under the Purchase Order in an email to SJL's President dated November 22, 2023. A copy of that email is attached as **Exhibit 5**.

**B.    The Breach**

24. SJL shipped the Tablets to Culture Wireless in January 2024, and Culture Wireless confirmed receipt of all of the Tablets.

25. SJL subsequently issued invoices to Culture Wireless. Consistent with the Purchase Order, the invoices show a total purchase price of $1,496,160.00. Copies of the invoices are attached as **Exhibit 6.**

26. Culture Wireless paid $1,000,000.00 prior to SJL's shipment of the Tablets.

6

27. The outstanding balance of $496,160.00 was due 90 days after shipment of the Tablets.

28. The outstanding balance is now over five months past due.

29. SJL made repeated, unsuccessful demands for payment to Culture Wireless and Woods beginning in April 2024.

30. On May 24, 2024, more than 30 days after making written demands for payment to Culture Wireless and Woods, SJL's President sent a letter to Aedifex's Managing Partner demanding that Aedifex pay the outstanding balance. A copy of that letter is attached as **Exhibit 7**. Aedifex has not fulfilled its obligations under the Guaranty.

31. On July 10, 2024, SJL's counsel sent a letter to Culture Wireless, Woods, and Aedifex, demanding that one or more of them pay the outstanding balance, as each is now jointly and severally responsible for the balance. A copy of that letter is attached as **Exhibit 8**.

32. Each Defendant has repeatedly acknowledged that it owes the outstanding balance to SJL, but none of the Defendants have paid it.

33. In September 2024, Aedifex filed its own lawsuit against Culture Wireless, Woods, and others in Dekalb County for breach of contract, fraudulent transfer, and other claims relating in part to the outstanding balance owed to SJL, but Aedifex still refuses to fulfill its contractual obligations to SJL.

34. To date, SJL has incurred more than $7,000.00 in attorneys' fees to enforce its contractual rights under the Purchase Agreement, the Purchase Order, and the Guaranty.

35. SJL has also incurred and will continue to incur incidental damages arising from Culture Wireless, Woods, and Aedifex's failure to fulfill their contractual obligations.

36. To date, SJL has also accrued prejudgment interest (at an annual rate of 6% under Pennsylvania law). Prejudgment interest will continue to increase at $81.56 per day until the outstanding balance is paid (i.e., $496,160.00 multiplied by 6%, divided by 365 days per year).

## V.  VIOLATIONS OF LAW

### FIRST COUNT
*Breach of Purchase Agreement and Purchase Order Under Pennsylvania Law*
**(Against Defendant Culture Wireless)**

37. Plaintiff re-alleges and incorporates herein the preceding allegations.

38. Under Pennsylvania law, the elements of a breach of contract are: (1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) resultant damages.

39. The Purchase Agreement and the Purchase Order constitute a binding and enforceable contract between SJL and Culture Wireless.

40. Culture Wireless breached that contract by failing to pay the outstanding balance it owed to SJL for the Tablets.

41. As a result of that breach, SJL has been damaged in the amount of $496,160.00, plus attorneys' fees, costs, and incidental damages.

42. Accordingly, Culture Wireless is liable for breach of contract.

## SECOND COUNT
*Unjust Enrichment Under Pennsylvania Law*
**(Against Defendant Culture Wireless)**

43. Plaintiff re-alleges and incorporates herein the preceding allegations.

44. Under Pennsylvania law, the elements of unjust enrichment are: (a) benefits conferred on defendant by plaintiff; (b) appreciation of such benefits by defendant; and (c) acceptance and retention of such benefits under circumstances that it would be inequitable for defendant to retain the benefits without payment of value.

45. SJL conferred benefits on Culture Wireless by shipping the Tablets.

46. Culture Wireless appreciated the benefits in that it confirmed receipt of the Tablets and has retained the Tablets.

47. It would be inequitable for Culture Wireless to keep possession and use of the Tablets without payment of the full purchase price to SJL.

## THIRD COUNT
### *Breach of Guaranty Under Pennsylvania Law*
**(Against Defendants Woods and Aedifex)**

48. Plaintiff re-alleges and incorporates herein the preceding allegations.

49. The Guaranty constitutes a binding and enforceable contract between SJL, on the one hand, and Woods and Aedifex, on the other.

50. Woods and Aedifex breached the Guaranty by failing to make payment on the outstanding balance Culture Wireless owed to SJL for the Tablets.

51. Accordingly, Woods and Aedifex are liable for breach of contract.

## FOURTH COUNT
### *Attorneys' Fees and Expenses*
**(Against Defendants Culture Wireless, Woods, and Aedifex)**

52. Plaintiff re-alleges and incorporates herein the preceding allegations.

53. Pursuant to the terms of the of the Purchase Agreement

> 8. **Buyer Default.** […] In the event of default by Buyer [Culture Wireless], Seller shall be entitled to collect from Buyer all costs, fees and expenses incurred to enforce its rights hereunder, including, without limitation, court costs and legal fees whether or not necessary to bring suit.

54. Pursuant to the terms of the Guaranty

> 3. GUARANTY. Guarantor [Woods] and AFXS15 [Aedifex] each absolutely, unconditionally and guarantees, as primary obligor and not merely as surety, guarantees, the full and punctual payment and performance of all present and future obligations, liabilities, covenants and agreements required to be observed and performed or paid or reimbursed by Obligor [Culture Wireless] under or relating to Purchase Orders and/or the Underlying Agreement [Purchase Agreement], plus all costs,

10

expenses and fees (including the reasonable fees and expenses of Beneficiary's [SJL] Counsel) in any way relating to the enforcement or protection of Beneficiary's rights hereunder (collectively, the "Obligations").

55. Culture Wireless has defaulted on its obligations within the Purchase Agreement.

56. Pursuant to Paragraph 8 of the Purchase Agreement, SJL is entitled to recover from Culture Wireless the attorneys' fees and expenses of litigation incurred by SJL to enforce its rights under the Purchase Agreement.

57. Woods and Aedifex have failed to satisfy their obligations within the Guaranty.

58. Pursuant to Paragraph 3 of the Guaranty, SJL is entitled to recover from Woods and Aedifex the attorneys' fees and expenses of litigation incurred by SJL to enforce and protect its rights under the Guaranty.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff SJL requests that this Court enter final judgment against Defendants Culture Wireless, Woods, and Aedifex, jointly and severally, as follows:

a. Awarding contractual damages in the amount of $496,160.00;

b. Awarding all costs, attorneys' fees, and expenses SJL incurred to enforce its contractual rights under the Purchase Agreement, the Purchase Order, and the Guaranty;

  c. Awarding incidental damages;

  d. Awarding prejudgment interest;

  e. Awarding any other relief as the Court deems just and proper.

Respectfully submitted this 17th day of October, 2024.

| WATSON SPENCE, LLP | HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER<br>*(Motions to appear pro hac vice to be filed)* |
|---|---|
| */s/ Christopher L. Foreman*<br>Christopher L. Foreman<br>Georgia State Bar No.: 507739<br>Maggie A. Cropp<br>Georgia State Bar No.: 755939<br>320 W. Residence Ave. (31701)<br>Post Office Box 2008<br>Albany, Georgia 31701-2008<br>T: (229) 436-1545<br>F: (229) 436-6358<br>cforeman@watsonspence.com<br>mcropp@watsonspence.com<br>*Attorneys for Plaintiff* | */s/ Jason A. Levine*<br>Jason A. Levine<br>Pennsylvania Bar No. 306446<br>A. Kyle Victor<br>Pennsylvania Bar No. 333192<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103-6933<br>T: (215) 568-6200<br>F: (215) 568-0300<br>jlevine@hangley.com<br>kvictor@hangley.com |

PENNSYLVANIA, MONTGOMERY COUNTY

## VERIFICATION

Personally before the undersigned officer duly authorized to administer oaths in the State of Pennsylvania appeared SHELDON LISS, who, being first duly sworn, deposes and says on oath that the facts set out in the foregoing *Complaint* are based upon information known to him and are true to the best of his knowledge and belief.

SHELDON LISS, Owner/Manager of
SJL Company, Inc.

Sworn to and subscribed before me,
this 17 day of October, 2024.

Notary Public
My Commission expires: 7/30/26
(NOTARY SEAL)

Commonwealth of Pennsylvania - Notary Seal
Sue A. Coyne, Notary Public
Montgomery County
My commission expires July 30, 2026
Commission number 1191820
Member, Pennsylvania Association of Notaries

13